IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FEDERATED IT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-1484 (LMB/JFA) |
| | ) |
| BARRENCE ANTHONY, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

On May 12, 2020, the assigned magistrate judge issued Proposed Findings of Fact and Recommendations ("the Report") recommending that a default judgment of $151,513.35, consisting of $124,195.35 in damages and $27,318.00 in attorney's fees and costs, be entered in favor of plaintiff Federated IT, Inc. ("plaintiff" or "Federated IT") against defendant Ashley Arrington ("defendant" or "Arrington") as to Counts 5, 7, 9 and 10 of the complaint, which alleges ten counts against Arrington and co-defendant Barrence Anthony ("Anthony"),[1] including violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count 1); violation of the Virginia Computer Crimes Act, Va. Code § 18.2-152.1 (Count 2); misappropriation of a trade secret under the Defense of Trade Secrets Act, 18 U.S.C. § 183 (Count 3); misappropriation of a trade secret under the Virginia Uniform Trade Secrets Act, Va. Code §§ 59.1-336 - 59.1-343 (Count 4); breach of fiduciary duty (Count 5); tortious interference with existing contract (Count 6); conversion (Count 7); breach of contract (Count 8); conspiracy

---

[1] On November 6, 2019, this action was stayed only as to defendant Anthony because he filed a petition for bankruptcy. [Dkt. No. 26]; see 11 U.S.C. § 362(a)(1).

(Count 9); and statutory business conspiracy (Count 10). [Dkt. No. 1].[2] The Report advised the parties that any objection to its findings of fact and recommendations had to be filed within fourteen days of service and that failure to file a timely objection would waive appellate review of the substance of the Report and of any judgment or decision based on the Report. As of June 8, 2020, no party has filed an objection.

I.

The factual allegations underlying this action, which are deemed admitted by Arrington due to her default, are as follows. Plaintiff provides cyber security, information technology, and analytic and operations support services, and managed a contract with the U.S. Army Office of the Chief of Chaplains ("CCRSS contract"). [Dkt. No. 1] ¶¶ 14-16. Arrington was a project manager for the CCRSS contract from October 5, 2015 to December 23, 2016. Id. ¶ 18. Arrington was a direct supervisor of and became romantically involved with defendant Anthony without notifying plaintiff about this relationship. Id. ¶ 19. As a senior systems engineer, Anthony controlled an encrypted file which contained network architecture diagrams, all relevant system passwords, administrative support documents, and other documentation which was critical to the operation of plaintiff's electronic system. Id. ¶¶ 17, 20.

At some point during Anthony's tenure, he began to behave insubordinately and failed to show up for work, leading plaintiff to plan to terminate his employment. Id. ¶¶ 21. Before being terminated and in the days following his termination, Anthony took a variety of actions against plaintiff, including deactivating all administrator accounts except his own and refusing to provide his replacement with the password to the master password file; changing the responsible

---

[2] Because plaintiff has only sought a default judgment as to Counts 1-2, 5-7, and 9-10 against Arrington, plaintiff will be ordered to show cause why the remaining counts of the complaint should not be dismissed against Arrington for failure to prosecute.

party contact information and the listed account ownership profile information on plaintiff's Amazon Web Services administrative account to "Anthony Enterprises"; changing plaintiff's Help Desk email address to redirect emails to his personal email account; deleting files from plaintiff's SharePoint project folder, including encryption keys, account information, and network diagram files; erasing the hard drive on his work laptop without authorization; making unauthorized images of the Army's servers which contained their Financial Management System, changing the user permission on these files, and sharing the images to his personal account; and attempting thousands of "brute force cyberattacks" against the CCRSS web application system, which necessitated a shutdown of one of plaintiff's servers.[3] Id. ¶¶ 23-26, 31, 32, 36, 54.

Plaintiff included Arrington on internal communications concerning Anthony's actions. As a result, she received privileged information regarding plaintiff's investigation into Anthony's actions and "For Official Use Only" government documents, which she then forwarded to her personal email account. Id. ¶¶ 56, 59-62. To conceal this activity, Arrington deleted the emails from her "sent" folder, and then deleted the emails from the "deleted" folder." Id. ¶ 61. Arrington sent these emails after Anthony's termination and during the period in which he was actively launching cyberattacks at the CCRSS system. Id. ¶ 59. The emails included domain name registration account information, log file and security log file information, and sensitive, controlled password and username information. Id. ¶ 60. Plaintiff was only able to recover these emails because it had put in place a litigation hold when Anthony's efforts were first discovered. Id. ¶¶ 58, 62. The information Arrington sent to her personal email account would have enabled

---

[3] This conduct led to a separate criminal complaint being filed against Anthony, who is currently serving a 24-month sentence of imprisonment for his conduct. See United States of America v. Anthony, No. 1:19-cr-166.

Anthony to determine what evidence plaintiff was collecting about his activities and assisted him in his efforts against plaintiff. Id. ¶¶ 65, 66. Arrington resigned her position at Federated IT effective December 23, 2016. Id. ¶ 55.

Although Arrington filed a timely answer to plaintiff's complaint in which she denied plaintiff's allegations, plaintiff's motion for default judgment is based on Arrington's effective disappearance from this litigation after the November 6, 2019 initial pretrial conference. Specifically, Arrington failed to serve initial disclosures, did not respond to plaintiff's discovery requests, and failed to comply with the magistrate judge's order granting in part plaintiff's motion to compel. On December 6, 2019, the assigned magistrate judge warned defendant that failure to comply with its order granting plaintiff's motion to compel could subject her to the entry of default. [Dkt. No. 32]. When Arrington failed to comply with the court's order, plaintiff requested an entry of default, which was entered on January 24, 2020. On March 16, 2020, Plaintiff filed a motion for default judgment accompanied by the requisite notice under Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Dkt. No. 41]. On April 13, 2020 the assigned magistrate judge ordered that any objections to plaintiff's motion for default judgment be filed by May 8, 2020. No objections were filed by that date.

## II.

The Report correctly found subject matter jurisdiction over plaintiff's claims against Arrington under 28 U.S.C. § 1332(a)(1) because the parties are diverse and over $75,000 is at issue, and correctly concluded that this court has personal jurisdiction over Arrington and that venue is proper in this district under 28 U.S.C. § 1391(a) because Arrington worked at plaintiff's offices in Arlington, Virginia and at the Pentagon, and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

Plaintiff effectuated service of process on February 25, 2019, by having a process server personally serve defendant. [Dkt. No. 3]. An affidavit of service was returned executed on February 28, 2019. Id. Moreover, defendant, acting pro se, filed an answer to the complaint and attended the initial pretrial conference on November 6, 2019, which demonstrates that she was aware of this litigation. Accordingly, Arrington was properly served with the summons and complaint and had notice of this action.

In its Motion for Default Judgment, plaintiff only seeks judgment as to Counts 1-2, 5-7, and 9-10 of the complaint. With respect to Counts 1 and 2, the magistrate judge correctly found that plaintiff did not establish a claim for breach of the Computer Fraud and Abuse Act or the Virginia Computer Crimes Act by Arrington because there is no specific allegation in the complaint that Arrington did not have authorization to access the information that she sent to her personal email account. Similarly, with respect to Count 6, the Report correctly determined that plaintiff did not establish a claim for tortious interference with contract against Arrington because the complaint did not allege that any contract was breached or terminated as a result of her actions.

With respect to Count 5, the Report correctly concluded that plaintiff established a claim for breach of fiduciary duty against Arrington because she owed a fiduciary duty to plaintiff, but nonetheless sent herself confidential information which belonged to plaintiff and went to great lengths to conceal this breach, which damaged plaintiff. With respect to Count 7, the Report appropriately found that plaintiff established that Arrington wrongfully converted plaintiff's property by exerting wrongful control over plaintiff's confidential, proprietary information, including privileged information about the investigation into Anthony's actions. With respect to Counts 9 and 10, the Report correctly concluded that plaintiff established a claim for civil and

statutory conspiracy against Arrington because she sent information to her personal email account that was used to assist Anthony in his efforts to sabotage plaintiff's computer system.

III.

Plaintiff's motion for default judgment sought money damages in the amount of $300,805.43, consisting of $216,657.93 in trebled compensatory damages, $50,000.00 in punitive damages and $34,147.50 in attorney's fees and costs. The Report recommends granting this request in part, by awarding plaintiff a total of $151,513.35, consisting of $41,398.45 in compensatory damages, trebled in accordance with the Virginia business conspiracy statute for a total of $124,195.35, and $27,318.00 in attorney's fees and costs.

The award of compensatory damages includes $15,972.60 for Arrington's prorated salary during the period in which she abandoned her fiduciary duties, $19,281.37 to cover half of the costs incurred by plaintiff's Incident Response Team in addressing Arrington and Anthony's misconduct, and $6,144.48 to cover half of the legal expenses incurred in recovering the registration of plaintiff's domain name. Because plaintiff has failed to allege or establish that the loss of certain work was proximately caused by Arrington's conduct, the Report does not recommend granting the requested $30,820.86 in lost profits. Moreover, because the trebling of compensatory damages is an adequate penalty, the Report recommends that no additional punitive damages be awarded.

With respect to attorney's fees and costs, plaintiff's counsel submitted a declaration stating that 43.3 hours of attorney time, at a rate of $575 per hour, and 37 hours of paralegal time, at a rate of $250 per hour, were billed for this action. Because this action was brought against two defendants, plaintiff was unsuccessful on several of its counts against Arrington, and plaintiff decided not to pursue three of the counts in its complaint in the motion for default judgment, the Report concluded that a reduction of 10 percent for fees unrelated to defendant

Arrington, coupled with an additional 10 percent reduction for lack of success was appropriate. This resulted in a recommended award of $27,318.00 in attorney's fees.

Having fully reviewed the Report, case file, and plaintiff's Motion for Default Judgment, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. Plaintiff having adequately alleged claims for breach of fiduciary duty, conversion, and civil and statutory conspiracy against Arrington, plaintiff's Motion for Default Judgment [Dkt. No. 41] is GRANTED IN PART and DENIED IN PART, and it is hereby

ORDERED that judgment be and is entered in plaintiff's favor against Arrington in the amount of $151,513.35, which represents $41,398.45 in compensatory damages, trebled in accordance with the Virginia business conspiracy statute for a total of $124,195.35, and $27,318.00 in attorney's fees and costs; and it is further

ORDERED that by June 22, 2020 plaintiff SHOW CAUSE why Counts 3, 4, and 8 should not be dismissed against Arrington for failure to prosecute.

To appeal this decision, defendant Arrington must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to enter judgment in favor of plaintiff Federated IT, Inc. against defendant Ashley Arrington under Federal Rule of Civil Procedure 55 and to forward copies of this Order to counsel of record and to Arrington, pro se.

Entered this 8 day of June, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge